

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

ALD C. MANN
PRNEY GENERAL

March 7, 1939

Mr. F. E. Rightor, Secretary
Texas State Board of Registration
for Professional Engineers
Austin, Texas

Dear Mr. Rightor:

        Opinion No. O-393
        Re: Sufficiency of evidence to
            convict a defendant of unlawfully
            offering to practice engineering.

        Your request for opinion on the following
question:

        "Is offer made to contract with Com-
missioners' Court, as described, an offer
to practice engineering within the statutory
prohibition?"

has been received by this office.

        Your letter reads as follows:

        "A complaint has been registered in this
county against the activities of a certain man
in connection with his attempt to secure a
contract from the Commissioners' Court, under
which contract, this man was

        'To make the plans, specifica-
tions, estimates, etc. and to make
application to the WPA for govern-
ment assistance in the construction
of roads and road improvements in
Pre. No. 2'.

and further agreed in such contract to

        'To furnish the necessary engin-
eering supervision throughout the
course of construction, and to repre-
sent the commissioners court of Kauf-
man County, Texas in all things per-

taining to the procurement of govern-
ment funds and the structural progress
of the proposed project.'

"It is complained to this office that such
man does not have a license as an engineer and
is not registered with your office, and that
such constitutes an 'offer to practice engineer'
as denounced by the statute. The man did not
secure the contract.

"Personally, I do not to shirk any respon-
sibility that may be mine as County Attorney,
but at the same time, I do not want to do any-
one an injustice by filing a complaint for some-
thing when he is not guilty. I am not an en-
gineer, and do not know whether the above facts
would show an 'offer to practice engineering'
or not. It occurs to me that he has not of-
fered to do any engineering work but has merely
contracted to furnish the engineering which he
could do by hiring and employing a registered
engineer.

"If your Board has had any interpretation
of the term 'offer to practice' from the Attor-
ney General's Department, I would appreciate
your advising me about it. Also, as a practicing
engineer yourself, and as a member of the Board,
that is interested in seeing this law enforced,
I would appreciate your giving me your best judg-
ment in this matter.

"I would thank you to let me hear from you
as soon as possible."

Paragraph 2 of Section 2 of Article 3271a reads
as follows:

"The practice of professional engineering
within the meaning and intent of this Act in-
cludes any professional service, such as con-
sultation, investigation, evaluation, planning,
designing, or responsible supervision of con-
struction in connection with any public or pri-
vate utilities, structures, buildings, machines,
equipment, processes, works, or projects, wherein
the public welfare, or the safeguarding of life,

Mr. F. E. Rightor, March 7, 1939, Page 3

health or property is concerned or involved,
when such professional service requires the
application of engineering principles and
interpretationsof engineering data."

Section 19 of Article 3271a reads as follows:

"After the first day of January, 1938,
it shall be unlawful for this State, or for
any of its political subdivisions, for any
county, city, or town, to engage in the con-
struction of any public work involving pro-
fessional engineering, where public health,
public welfare or public safety is involved,
unless the engineering plans and specifica-
tions and estimates have been prepared by,
and the engineering construction is to be
executed under the direct supervision of a
registered professional engineer; provided,
that nothing in this Act shall be held to
apply to any public work wherein the con-
templated expenditure for the completed pro-
ject does not exceed Three Thousand ($3,000.00)
Dollars. Provided, that this Act shall not
apply to any road maintenance or betterment
work undertaken by the County Commissioners'
Court."

Section 23 of Article 3271a reads as follows:

"On or after the first day of January,
1938, any person who shall practice, or offer
to practice, the profession of engineering
in this State without being registered or exempted
iinaccordance with the provisions of this Act,
or any person presenting or attempting to use
as his own the certificate of registration or
the seal of another, or any person who shall
give any false or forged evidence of any kind
to the Board or to any member thereof in ob-
taining a certificate of registration, or any
person who shall violate any of the provisions
of this Act, be fined not less than One Hundred
($100.00) Dollars nor more than Five Hundred
($400.00) Dollars, or be confined in jail for
a period of not exceeding three (3) months,
or both. Each day of such violation shall be

Mr. F. E. Rightor, March 7, 1939, Page 4

a separate offense."

In all criminal cases the defendant is presumed innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt. The burden of proving the guilt is upon the State throughout the trial and never shifts to the defendant.

The question arises as to whether or not the facts and evidence stated in your letter, are, as a matter of law, sufficient to justify the conviction of the defendant under Section 23 of Article 3271a, for the offense of "offering to practice engineering". In order to convict, under the facts stated, the court or jury, would have to find from the evidence, beyond a reasonable doubt, that the defendant personally offered to make the plans, specifications, estimates and etc. and that the making of such plans, specifications, estimates, and etc. (which were not described) involved the application of engineering plans and the interpretation of engineering data. If the court or jury trying the case had a reasonable doubt as to any of these issues, the defendant would be entitled to an acquittal.

The following statement in the contract, to-wit:

"To furnish the necessary engineering supervision throughout the course of construction, and to represent the commissioners court of Kaufman County, Texas in all things pertaining to the procurement of government funds and the structural progress of the proposed project."

is here particularly pointed out.

It is clear that the defendant could comply with this portion of his contract by hiring and employing a registered professional engineer. In doing this, he would not be offering to practice engineering himself.

The defendant would be entitled to an acquittal if the court or jury had a reasonable doubt as to whether or not the defendant intended to do the engineering work

Mr. F. K. Rightor, March 7, 1959, Page 5

himself or have same done by a registered professional engineer.

Your are, therefore, respectfully advised that it is the opinion of this Department that the facts set forth in your letter are insufficient as a matter of law to sustain a conviction of the defendant for the offense of "offering to practice engineering."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS